HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. WN128398,

Plaintiffs,

v.

THE BEST QUALITY CARE, INC., *et al.*

Defendants.

Case No. 2:18-cv-01129-RAJ

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

## I. INTRODUCTION

Before the Court is Plaintiffs' Motion for Default Judgment. Dkt. # 28. For the following reasons, the Motion is **GRANTED**.

## II. BACKGROUND

Plaintiffs are underwriters at Lloyd's, London, who seek to rescind Policy No. WN128398 issued to The Best Quality Care Inc. (the "Second Policy"). The Best Quality Care Inc. is an adult care facility owned and operated by Mark Sokolskiy, and Irina V. Sokolskiy. Dkt. ## 1, 29-2, 29-3. Plaintiffs also seek a declaration that The Best Quality Care, Inc., The Best Quality Care LLC,[1] Mark Sokolskiy, and Irina V. Sokolskiy

---

[1] Defendants dissolved The Best Quality Care, Inc. and created a new limited liability entity, The Best Quality Care LLC, in August 2016. Dkt. ## 29-2, 29-3., However, Defendants continued to use "The Best Quality Care, Inc." name even after dissolution. *See, e.g.*, Dkt. # 30-2. Plaintiffs list The Best Quality Care LLC as a Defendant to the extent coverage is sought under that legal entity. Dkt. # 1, ¶ 4.7.

ORDER – 1

(collectively, "Best Quality Care" or "Defendants") are not entitled to coverage in connection with claims asserted by Ilya Katsel as personal representative of the Estate of Inna Katsel (the "Estate").

Plaintiffs issued Policy No. WN11414 to "The Best Quality Care, Inc." for the February 6, 2016 to February 6, 2017 period (the "First Policy"). Dkt. # 30-1 at 3. During the policy period, on July 29, 2016, a resident at The Best Quality Care, Inna Katsel, fell and died of her injuries. Dkt. # 30-3. On or about August 9, 2016, Plaintiffs received a request to increase the liability limits of the First Policy and advised that they would do so only if Best Quality Care provided a "No Known Loss" letter. Dkt. # 30-4. On August 24, 2016, Plaintiffs received a "No Known Loss" letter stating that there were no facts or circumstances that could give rise to a claim. Dkt. # 30-5. In reliance on Best Quality Care's representations, Plaintiffs increased the liability limits of the First Policy. Dkt. # 30, ¶ 4.

In January 2017, Best Quality Care submitted a renewal application for coverage. Dkt. # 30-2. The application included negative responses to questions regarding any awareness of circumstances that could give rise to a claim, or complaints or fines imposed in the last year. Dkt. # 30-2 at 57. The application expressly stated that the representations made therein are material and that any policy will be issued based on those representations. *Id*. In reliance on Best Quality Care's representations, Plaintiffs issued Policy No. WN128398 (the, "Second Policy"). Dkt. # 30, ¶ 5.

Plaintiffs claim that there were material omissions in Best Quality Care's application for the Second Policy, including (i) the death of Inna Katsel and (ii) a September 1, 2016 report from the Washington Department of Social & Health Services ("DSHS") concluding that Best Quality Care did not have safety measures in place at the time of her fall. Dkt. # 30-6 at 2-3. Defendants also failed to disclose that DSHS subsequently levied a fine of $2,000 for failing to actively support the safety of a resident. Dkt. # 30, ¶ 5; Dkt. # 30-7.

ORDER – 2

After the Estate sued Best Quality Care on December 13, 2017, Plaintiffs issued a reservation of rights letter to Best Quality Care, including a reservation of the right to rescind the Second Policy. Dkt. # 30-11 at 5-6. On March 8, 2018, Underwriters tendered back to "The Best Quality Care, Inc." the premium for the Second Policy. Dkt. # 30-12.

Plaintiffs then filed this lawsuit on August 1, 2018. Dkt. # 1. Defendants were all personally served. Dkt. ## 12-15. On January 17, 2019, an order of default was entered against Defendants. Dkt. # 26. On January 28, 2019, Plaintiffs moved for default judgment against Defendants (the "Motion"). Although the Estate filed a response to Plaintiffs' Motion, on June 10, 2019, Plaintiffs and the Estate stipulated to dismiss all claims against the Estate with prejudice. Dkt. # 27. Plaintiffs' Motion is now before the Court.

### III. LEGAL STANDARD

At the default judgment stage, the court presumes all well-pleaded factual allegations are true, except those related to damages. *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917–18 (9th Cir. 1987); *see also Fair House. of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002). Although the entry of default judgment under Rule 55(b) is "an extreme measure," disfavored cases should be decided upon their merits whenever reasonably possible. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002); *also see Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009).

In addition, Federal Rule of Civil Procedure 55(b)(1) permits the court to enter default judgment when the plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In moving the court for default judgment, a plaintiff must submit evidence supporting the claims for a particular sum of damages. Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," the court must hold a hearing or otherwise ensure that the damage award is appropriate, reasonable and demonstrated by evidence. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981); *see also Getty Images (US), Inc. v. Virtual Clinics,* 2014 WL 358412 (W.D. Wash. 2014). In determining

ORDER – 3

damages, a court can rely on the declarations submitted by the plaintiff. *Dr. JKL Ltd. v. HPC IT Educ. Ctr.,* 749 F. Supp. 2d 1046 (N.D. Cal. 2010). Where there is evidence establishing a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Alan Neuman Productions, Inc. v. Albright,* 862 F.2d 1388, 1392 (9th Cir. 1988). Since deciding for or against default judgment is within the court's discretion, a defendant's default does not *de facto* entitle a plaintiff to a court-ordered judgment. *Curtis v. Illumination Arts, Inc.,* 33 F. Supp. 3d 1200, 1210–11 (W.D. Wash. 2014).

## IV. DISCUSSION

In exercising its discretion, the Court considers the "*Eitel*" factors: (1) the substantive merits of plaintiff's claims, (2) the sufficiency of the claims raised in the complaint, (3) the possibility of prejudice to the plaintiff if relief is denied, (4) the sum of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy favoring decisions on the merits when reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

As discussed below, the Court has considered each of the *Eitel* factors and finds they weigh in favor of granting default judgment.

### A. Application of *Eitel* Factors

#### i. Merits of the Claims, Sufficiency of the Complaint, and Prejudice to Plaintiffs

The substantive merits of the claims and the sufficiency of the Complaint are often analyzed together. *Curtis*, 33 F. Supp. 3d. at 1211. Additionally, while prejudice to the plaintiff is a factor to be analyzed independently under *Eitel*, it is discussed in this section because Plaintiffs' recourse flows from their ability to demonstrate merit to their claims. *Dr. JKL Ltd.*, 749 F. Supp. 2d at 1048. As discussed below, the Court finds that Plaintiffs have invoked cognizable legal theories and alleged sufficient facts for the Court to conclude they have stated claims upon which relief may be granted.

ORDER – 4

As stated in the Complaint, Plaintiffs seek rescission of the Second Policy because of Defendants' alleged misrepresentations as well as a declaration that it had no duty to defend or indemnify Defendants under the Second Policy in the lawsuit filed by the Estate. *See* Dkt. # 1. Washington law recognizes the right of an insurer to rescind an insurance policy on the basis of material misrepresentations made by the policyholder, with the intent to deceive, in the course of obtaining the policy. *See* RCW 48.18.090(1). And under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of an interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

Here, Plaintiffs allege that Defendants were aware of Katsel's death and the subsequent fine by DSHS at the time they claimed no knowledge of such matters in their application for the Second Policy. *See* Dkt. # 30-6 at 2-3. Plaintiffs represent that if they had known about these matters, the Second Policy would not have been issued to Plaintiffs. Dkt. # 30, ¶ 5. In Washington state, "if an insured knowingly makes a false statement, courts will presume that the insured intended to deceive the insurance company." *Ki Sin Kim v. Allstate Ins. Co.*, 223 P.3d 1180, 1189 (Wash. App. 2009). The presumption prevails "[i]n the absence of credible evidence that false representations were made without [an] intent to deceive . . . ." *See Cutter & Buck, Inc. v. Genesis Ins. Co.*, 306 F.Supp.2d 988, 1004 (W.D.Wash. 2004) (quoting *Wilburn v. Pioneer Mut. Life Ins. Co.*, 508 P.2d 632, 635 (1973)).

Based on the foregoing, the Court finds that the Complaint is pled sufficiently to support Plaintiffs' claims. The allegations are taken as true and are substantively supported by declarations in support of the Motion. *See* Fed. R. Civ. P. 8(b)(6) (allegations taken as true where pleading is required and the allegation is not denied). Accordingly, these *Eitel* factors support default judgment.

ORDER – 5

Furthermore, Plaintiffs have demonstrated that they would suffer prejudice if default judgment was not entered. Specifically, Plaintiffs contend that third-party claimants, such as the Estate, could seek to assert claims and recover damages from them for the time period the Second Policy was active. *See* Dkt. ## 1, 29. Moreover, Defendants have yet to appear in this action, thus making it more likely that third-party claimants may target Plaintiffs to enforce insurance claims. Accordingly, this factor weighs in favor of granting default judgment.

### ii. Sum of Money at Stake

Plaintiffs seek declaratory relief rather than monetary damages. Default judgment is disfavored when a large amount of money is involved or is unreasonable in light of the defendant's actions. *Eitel*, 782 F.2d at 1472. Since no money damages are involved, this factor weighs in favor of granting default judgment.

### iii. Possibility of Dispute as to Material Facts and Excusable Neglect

When default has been entered, the court must take the plaintiff's factual allegations as true except those concerning damages. *Curtis*, 33 F. Supp. 3d at 1212. This *Eitel* factor considers the possibility any material facts in dispute. *Elec. Frontier Found. v. Glob. Equity Mgmt. (SA) Pty Ltd.,* 290 F. Supp. 3d 923, 947 (N.D. Cal. 2017). In assessing this factor, courts examine whether a defendant would be able to dispute material facts if it had appeared in the lawsuit. *Id*. Here, the Court finds that the evidence presented by Plaintiffs demonstrate the unlikelihood of material facts in dispute. Moreover, it is unlikely that that Defendants' absence in this action is due to excusable neglect. Accordingly, this factor weighs in favor of default judgment.

### iv. Strong Policy Favors Decisions on the Merits

This *Eitel* factor requires the Court to weigh whether default judgment is appropriate in light of the policy favoring decisions on the merits. *Eitel, 782 F.2d at 1472*; *Getty Images (US), Inc. v. Virtual Clinics*, No. C13-0626JLR, 2014 WL 358412, at *5. Where, as here, a party fails to defend on the merits of a claim, entry of default judgment is

ORDER – 6

generally an appropriate remedy. *Elektra Entm't Grp. Inc.,* 226 F.R.D. at 392. However, this *Eitel* factor alone is not dispositive. *Microsoft Corp.*, 2009 WL 959219, at *3; *also see Getty Images (US), Inc. v. Virtual Clinics*, 2014 WL 358412, at *5 (W.D. Wash. 2014) ("[T]his factor almost always weighs against default judgment even when a decision on the merits is unlikely, but the factor alone does not prevent the court from granting default judgment"). Because Defendants have failed to appear or respond in this action, a decision on the matters appears unlikely. Therefore, this weighs in favor of granting default judgment.

### v. Summary of *Eitel* factors

In reviewing Plaintiffs' motion in light of the *Eitel* factors, the Court finds granting default judgment is appropriate.

### V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' motion. Dkt. # 28.

DATED this 14th day of August, 2019.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 7